HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL NO. 17, Respondent,

v.

CRITERION RESTAURANT, INC., et al., Appellants.

No. C2-84-719.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Robert D. Metcalf, Michael C. Hickey, Metcalf, Lazarus & Hickey, Minneapolis, for respondent.

Gerald M. Singer, James A. Wellner, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellants.

Considered and decided by HUSPENI, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal from the district court's confirmation of an arbitrator's decision, pursuant to Minnesota Statutes Section 572.18 (1982). We affirm.

## FACTS

This is a dispute between the Criterion Restaurant, Inc. and the Hotel Employees and Restaurant Employees Union, Local # 17, representing the Criterion employees. Their collective bargaining agreement called for a wage increase to begin October 1, 1982. The contract also contained a provision wherein either party could obtain modification of the wage increase provisions to reflect economic conditions. The procedure for modification required convening a six-member committee, three union representatives and three employer representatives, to consider the proposed changes.

The Criterion sought to invoke the wage modification clause to prevent the scheduled October 1982 wage increases. The appropriate committee was convened and considered evidence from both sides. Their final report to the parties stated:

> The committee was not able to reach agreement, inasmuch as the vote was three for and three against granting relief. Therefore, your request for relief is not granted.

The matter was then heard by an arbitrator. The union, however, contended that the matter was not arbitrable. After reviewing the contract and taking evidence on the merits, the arbitrator determined the grievance procedure was narrowly restricted, and absent a showing of bad faith, "the *decision* of the six member committee is not arbitrable in the sense that it can be overturned by an arbitrator substituting his or her judgment for that of the committee." (Emphasis in original) His analysis concluded the contract "prohibits the Arbitrator from substituting his judgment for those [sic] of the parties as was expressed in the deadlocked decision of the special six member committee."

The arbitrator's formal decision stated that "(t)he grievance, being a matter not properly arbitrable within the scope of the Collective Bargaining Agreement, is dismissed and the wage provisions scheduled to go into effect on October 1, 1982 are ordered implemented retroactively." The union interpreted this retroactive order as an award in their favor. When the Criterion did not appeal the decision, the union applied to the district court for confirmation, pursuant to Minnesota Statutes Section 572.18 (1982). The trial court confirmed the decision ordering the retroactive wage increase.

## ISSUE

Whether a trial court may confirm an arbitrator's order on the merits when the arbitrator first decided that the subject matter was not arbitrable.

## ANALYSIS

The initial issue for the arbitrator was whether the committee's decision on the proposed wage modification was arbitrable. The arbitrator determined that the committee's decision was final, and that the issue was not arbitrable. Since the committee had denied the wage modification, the arbitrator ordered the original contract provisions be implemented. The committee had also recognized this to be the result of their decision.

The statute requires the district court to confirm an award if there is no motion to vacate or modify the award within ninety days. Minn.Stat. § 572.18–.20 (1982). The Criterion argued that once the arbitrator determined the issue was not arbitrable, his jurisdiction terminated and there was no award to confirm. *ATCAS v. Credit Clearing Corp. of America*, 292 Minn. 334, 340–341, 197 N.W.2d 448, 452 (1972). The district court judge disagreed, noting the language ordering implementation of the wage increases, and confirmed that "award."

In this case, the statement "ordering" the implementation of the wage increases is simply a clarification of the impact of the decision and not an additional substantive award on the merits. The parties agree on appeal that the matter submitted to the arbitrator is not arbitrable. We affirm the arbitrator's decision to that effect. We further recognize that since the committee failed to modify the contract and the issue is not arbitrable, the contract remains in force as written, including the wage increase provisions effective October 1982. The arbitrator's clarification language is consistent with this conclusion and he properly indicated the impact of his decision.

The union argues that Criterion's contentions on appeal are without merit and frivolous. The union requests an award of fees pursuant to Minnesota Statutes Section 549.21 (1982) and damages pursuant to Minn.R.Civ.App.P. 138. The circumstances of this case do not support an award of either fees or damages.

## DECISION

We affirm the decision of the trial court. By so doing, we uphold the arbitrator's finding that the matter before him was not arbitrable and uphold the arbitrator's clarifying language regarding the effect of that finding. No damages or attorney's fees are awarded.

**Affirmed.**